**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NEW YORK**
------------------------------------------------X
EDDY O. CISNEROS and DANIEL J. GARZA,
on behalf of themselves and other similarly
situated individuals,

                              Plaintiffs,

      -against-

BORENSTEIN CATERERS, INC. and
GILAD HOCHMAN,

                         Defendants.
------------------------------------------------X

Civ. Action No.


**COLLECTIVE AND
CLASS ACTION
COMPLAINT AND
DEMAND FOR JURY
TRIAL**

Plaintiffs demand a
trial by jury

## COMPLAINT

Plaintiffs, EDDY O. CISNEROS and DANIEL J. GARZA, on behalf of

themselves and other similarly situated individuals (hereinafter referred to by

name or as "plaintiffs"), by their attorneys Victor A. Carr & Associates, as and

for a verified complaint against the defendants, BORENSTEIN CATERERS, INC.

(hereinafter referred to as "BORENSTEIN") and GILAD HOCHMAN (hereinafter

referred to as "HOCHMAN"), allege as follows upon information and belief:


## NATURE OF ACTION

1.     Plaintiffs allege on behalf of themselves, and other similarly

situated, current and former non-management employees who worked at

BORENSTEIN and who elect to opt into this action pursuant to the Fair Labor

Standards Act (FLSA), 29 U.S.C. § 216 (b), that they are entitled to:

1

(i) unpaid overtime pay, equal to one and one-half times the regular rate of pay, for all hours worked in excess of forty (40) in a workweek;

(ii) unpaid overtime premium pay for all work in excess of ten (10) hours per day, both as required by the FLSA and United States Department of Labor, Wage and Hour Division's Regulations Relating to Labor, Title 29, Subtitle B, Chapter V et seq. ("Federal Wage Regulations"); and

(iii) attorneys' fees and costs, liquidated damages and interest, pursuant to the FLSA, 29 U.S.C. § 201 et seq. and related Federal Wage Regulations.

2.      Plaintiffs allege that they, along with a class of current and former BORENSTEIN non-management employees, are entitled to unpaid overtime pay, equal to one and one-half times the regular rate of pay, for all hours worked in excess of forty (40) in a workweek, unpaid overtime wages from BORENSTEIN for their work and unpaid back "spread of hour" wages from BORENSTEIN for those days in which they worked in excess of ten (10) hours and liquidated damages under New York State Labor Law.

3.      Plaintiffs' claims under the FLSA are brought as a collective action, pursuant to 29 U.S.C. § 216(b), on behalf of themselves and on behalf of all other similarly situated persons currently or formerly employed by Defendants (hereinafter referred to as "FLSA Collective"), who did not

2

receive premium overtime pay for all hours worked in excess of forty (40) hours in a workweek or "spread of hour" wages for those days in which they worked in excess of ten (10) hours, along with liquidated damages during the full statute of limitations period (hereinafter referred to as the "FLSA Collective Period").

4.      Plaintiffs also assert New York Labor Law (hereinafter "NYLL") claims, on their own behalf and on behalf of current and former employees who were employed by Defendants, in the form of a class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure (hereinafter referred to as "NYLL Class"), and allege that they are entitled to: (i) unpaid overtime pay, equal to one and one-half times the regular rate of pay, for all hours worked in excess of forty (40) in a workweek, from Defendants, as required by the New York State Minimum Wage Act, N.Y. Labor Law§§ 190 et seq. and 650, et seq. ("NYLL") and the New York Minimum Wage Order for Miscellaneous Industries and Occupations, N.Y. Comp. Codes R. & Regs. tit. 12, Part 142, §§ 142-1.1, et seq. ("Wage Order"); (ii) unpaid overtime premium pay for all work in excess of ten (10) hours per day, both as required by the FLSA and United States Department of Labor, Wage and Hour Division's Regulations Relating to Labor, Title 29, Subtitle B, Chapter V et seq. ("Federal Wage Regulations"); (iii) damages associated with Defendants' failure to comply with statutory notice and record keeping

3

requirements by failing to provide Plaintiffs, and similarly situated individuals, with a written notice concerning their wages and terms of employment, pursuant to NYLL §§ 195(1) and (2); (iv) damages associated with Defendants' failure to provide Plaintiffs with wage statements that were compliant with NYLL § 195(3); (v) damages for late payment of wages, in violation of NYLL § 191; and (vi) liquidated and punitive damages, and attorneys' fees and costs, for the full statute of limitations period (the "NYLL Class Period").

## JURISDICTION AND VENUE

5.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, because Plaintiffs' FLSA claims arise under the laws of the United States, i.e 29 U.S.C. §216 (b), and, pursuant to 29 U.S.C. §1337, because the rights contained in the FLSA were created by Congress using its power to regulate commerce.

6.     This Court has supplemental jurisdiction over Plaintiffs' New York State claims pursuant to 28 U.S.C. § 1367 because they are so related to the FLSA claims in this action that they form part of the same controversy under Article III of the United States Constitution.

7.     Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. §1391 (b)(2) as a substantial part of the events or

omissions giving rise to the claim occurred in this district insofar as Plaintiffs and members of the Class worked in this district for Defendants.

8.     This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C.§§ 2201 and 2202.

## PARTIES

9.     That at all times hereinafter mentioned, plaintiff, EDDY O. CISNEROS, was a resident of the County of Nassau, State of New York.

10.     That at all times hereinafter mentioned, plaintiff, DANIEL J. GARZA, was a resident of the County of Suffolk, State of New York.

11.     Plaintiffs consent to being party Plaintiffs pusuant to 29 U.S.C. §216(b).

12.     That upon information and belief, at all times hereinafter mentioned, the defendant, BORENSTEIN, was and still is a corporation organized and existing under the laws of the State of New York, with its principal place of business at 179-29 150th Road, Jamaica, County of Queens, New York.

13.     That upon information and belief, at all times hereinafter mentioned, the defendant, HOCHMAN, was a resident of the County of Queens, State of New York.

14.    That upon information and belief, at all times hereinafter mentioned, the defendant, HOCHMAN, was the Chief Executive Officer of the defendant, BORENSTEIN.

15.    That upon information and belief, at all times hereinafter mentioned, the defendant, HOCHMAN, was responsible for payroll and human resources functions.

16.    At all relevant times, Plaintiffs were each an "employee" of Defendants within the meaning of NYLL §2(5).

17.    At all relevant times, Plaintiffs were each an "employee" of Defendants within the meaning of NYLL §190(2).

18.    At all relevant times, Plaintiffs were each an "employee" of Defendants within the meaning ofNYLL §651(5).

19.    At all relevant times, Defendants employed each Plaintiff as an "employee" within the meaning of the Wage Order, N.Y. Comp. Codes R. & Regs. tit. 12, Part 142, §142-2.14.

20.    At all relevant times, Plaintiffs were each a "manual worker" within the meaning of NYLL §191(1)(a).

21.    At all relevant times, Plaintiffs were employed by Defendants to perform non-exempt manual labor involving repetitive operations with

their hands, physical skill, and energy, pursuant to 29 C.F.R. § 541.3(a) and the Wage Order, N.Y. Comp. Codes R. & Regs. tit. 12, Part 142, §142-2.2.

22.    At all relevant times herein, Plaintiffs were each an employee engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§206- 207.

23.    At all relevant times, Defendants were, individually and jointly, Plaintiffs' "employer" within the meaning of NYLL §2(6).

24.    At all relevant times, Defendants were, individually and jointly, Plaintiffs' "employer" within the meaning of NYLL §190(3).

25.    At all relevant times, Defendants were, individually and jointly, Plaintiff's "employer" within the meaning of NYLL §651(6).

26.    At all relevant times, Plaintiffs were "employed" by Defendants within the meaning of NYLL §2(7).

27.    Defendants, at all relevant times herein, have been, and continue to be, employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§203, 206(a) and 207(a).

28.    Upon information and belief, at all relevant times herein, Defendant Borenstein had gross annual revenues in excess of $500,000.00.

29.    At all relevant times, Defendants were an "enterprise" within the meaning of 29 U.S.C. §203.

30. At all relevant times, Defendants were an "enterprise engaged in commerce or in the production of goods for commerce" within the meaning of 29 U.S.C. §203(s)(1).

31. At all relevant times, Defendants were each, individually and jointly, a "person" within the meaning of 29 U.S.C. §203(a).

32. At all relevant times, Defendants collectively and jointly controlled Plaintiffs' and similarly situated individuals' terms and conditions of employment.

33. At all relevant times, Defendants managed the administrative and business operations, including but not limited to exercising operational control over its employees, staffing needs, and maintenance of its facilities.

34. At all relevant times, Defendants routinely directed Plaintiffs' work duties by prioritizing their work duties.

35. At all relevant times, Defendants, jointly, maintained control, oversight, and direction over Plaintiffs, the FLSA Collective, and the NYLL Class, including payroll and other employment practices that applied to Plaintiffs.

36. At all relevant times, Defendants had the power, jointly, to terminate Plaintiffs' employment.

37.    At all relevant times, Defendants had joint and individual control over the economic terms and conditions of Plaintiffs' employment, including determining the rate and method of payment.

38.    At all relevant times, Defendants jointly maintained records relating to Plaintiffs' employment with Defendants.

39.    At all relevant times, Defendants jointly had the power to supervise Plaintiffs' daily work activities.

40.    Defendants are covered employers within the meaning of the FLSA and NYLL, and at all relevant times employed the Plaintiffs.

## COLLECTIVE ACTION CLAIMS

41.    Plaintiffs bring their First Cause of Action, the FLSA claims, as a collective action pursuant to the FLSA on behalf of themselves and on behalf of all other similarly situated persons who were employed by Defendants during the FLSA Collective Period who elect to opt-in to this action.

42.    At all relevant times, Defendants maintained a common policy and pattern or practice of intentionally refusing to pay Plaintiffs and the FLSA Collective premium overtime compensation, equal to at least one

and one-half times their regular rate of pay, for all hours worked in excess of 40 per workweek.

43.    At all relevant times, Defendants maintained a common policy and pattern or practice of intentionally refusing to pay Plaintiffs and the FLSA Collective overtime premium pay for all work in excess of ten (10) hours per day.

44.    Plaintiffs' and the FLSA Collective's primary duties were non-exempt food preparation, cooking and related activities.

45.    Plaintiffs and the FLSA Collective did not exercise a meaningful degree of independent discretion with respect to the exercise of their duties and were required to follow the policies, practices, and procedures set by Defendants.

46.    Plaintiffs and the FLSA Collective did not have any independent discretionary authority to deviate from these policies, practices, and procedures.

47.    All of the work that Plaintiffs and the FLSA Collective have performed has been assigned by Defendants and/or Defendants have been aware of all of the work that Plaintiffs and the FLSA Collective have performed.

48.   As part of its regular business practice, Defendants have intentionally, willfully, and repeatedly engaged in a pattern, practice and/or policy of violating the FLSA with respect to Plaintiffs and the FLSA Collective.

49.   This pattern, practice and/or policy includes:

   a.   willfully failing to pay its employees, including Plaintiffs and the FLSA Collective, premium overtime wages for hours that they worked in excess of 40 hours per workweek;

   b.   willfully failing to pay its employees, including Plaintiffs and the FLSA Collective, premium overtime wages for all work in excess of ten (10) hours per day;

   c.   willfully failing to pay its employees, including Plaintiffs and the FLSA Collective premium overtime wages for hours that they worked on Federal and State holidays;

   d.   willfully failing to record all of the hours that Plaintiffs and the FLSA Collective worked for the benefit of Defendants, in violation of 29 U.S.C.§ 211;

   e.   willfully failing to record all of the hours that Plaintiffs and the FLSA Collective worked for the benefit of Defendants, in violation of 29 C.F.R.§ 516.2;

11

      f.      willfully failing to post or keep posted a notice explaining the wages and overtime pay rights as provided by the FLSA in any area where Plaintiffs, and the FLSA Collective, were employed, in violation of 29 C.F.R. §516.4(a).

50.     Defendants are aware, or should have been aware, that federal law required them to pay employees performing non-exempt duties the statutory minimum wage and overtime premium for hours worked in excess of forty (40) per workweek, for all hours in excess of ten (10) hours per day and for all hours worked on Federal and State holidays.

51.     Plaintiffs and the FLSA Collective perform or performed the same primary duties.

52.     Defendants' unlawful conduct has been widespread, repeated, and consistent.

53.     Plaintiffs seek certification of this action as a collective action on behalf of themselves, individually, and all other similarly situated current and former employees who were employed by Defendants from

August 20, 2000 and the date of a final judgment in this matter, pursuant to 29 U.S.C. § 216(b).

## CLASS ACTION ALLEGATIONS

54.     Plaintiffs bring the Second, Third, Fourth and Fifth causes of action, NYLL claims, under Rule 23 of the Federal Rules of Civil Procedure, on behalf of themselves and a class of persons consisting of all persons who work or have worked for the Defendants between August 20, 2000 and the date of a final judgment in this matter.

55.     Although the relative damages suffered by individual NYLL Class members are not de minimis, such damages are small compared to the expense and burden of individual prosecution of this litigation.

56.     The individual Plaintiffs and the members of the NYLL Class lack the financial resources for each individual to conduct a thorough examination of Defendants' timekeeping and compensation practices and to vigorously prosecute individual lawsuits against the Defendants and recover damages associated with Defendants' NYLL violations.

57.     Excluded from the NYLL Class are Defendants' legal representatives, officers, directors, assigns, and successors, or any individual who has, or who at any time during the class period has had, a

controlling interest in the Defendant and all other persons who will submit timely and otherwise proper requests for exclusion from the NYLL Class.

58. Although the precise number of such employees is unknown, the facts on which the calculation of that number depends are presently within the sole control of Defendant.

59. Upon information and belief, the number of persons employed by Defendants since August of 2000 are in excess of 100. The number of putative class members are therefore too numerous to be individually joined in this lawsuit.

60. Defendants have acted or have refused to act on grounds generally applicable to the NYLL Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the NYLL Class as a whole.

61. There are questions of law and fact common to Plaintiffs and the NYLL Class that predominate over any questions affecting only individual members of the class. These common questions of law and fact include, without limitation:

- whether the Defendants employed members of the class and Plaintiffs within the meaning of the NYLL; whether the Defendants violated the NYLL Articles 6 and 19, and supporting New York State Department of Labor regulations;

14

-        whether the Defendants failed to pay Plaintiffs and the NYLL Class overtime wages to which they were entitled in violation ofNYLL §663(1);

-        whether the Defendants failed to pay Plaintiffs and the NYLL Class overtime wages to which they were entitled in violation of N.Y. Comp. Codes R. & Regs. tit. 12, §142-2.2;

-        whether the Defendants maintained accurate weekly payroll records for Plaintiffs and the NYLL Class, including the number of hours worked daily and weekly, including the time of arrival and departure, pursuant to the Wage Order, N.Y. Comp. Codes R. & Regs. tit. 12, Part 142, §142-2.6;

-        whether the Defendants maintained accurate weekly payroll records for Plaintiffs and the NYLL Class, including the number of hours worked daily and weekly, including the time of arrival and departure, pursuant to NYLL §195(4);

-        whether the Defendants failed to furnish Plaintiffs and the NYLL Class with accurate statement of wages, hours worked, rates paid, gross wages, and overtime rate of pay as required by NYLL §195(3);

15

-       whether the Defendants failed to furnish Plaintiffs and the NYLL Class with a notice of terms of employment, as required by NYLL §§ 195(1) and (2);

-       whether the Defendants violated NYLL § 191 by failing to pay Plaintiffs and the NYLL Class on a weekly basis;

-       whether the Defendants' policy of failing to pay workers all of the wages earned, in compliance with NYLL, was instituted willfully or with reckless disregard of the law;

-       whether the Defendants failed to post notices explaining a notice issued by the Department of Labor summarizing minimum wage and overtime provisions, in violation of the Wage Order, N.Y. Comp. Codes R. & Regs. tit. 12, Part 142, §142-2.8;

-       the nature and extent of class-wide injury and the measure of damages for those injuries; and

-       whether the Defendants should be enjoined from such violations of the NYLL in the future.

62.    Plaintiffs' claims are typical of the claims in the NYLL Class they seek to represent.

63.    Defendants' conduct as alleged herein have caused Plaintiffs and putative NYLL Class members to sustain the same or similar injuries and damages.

16

64. Plaintiffs' claims are thereby representative of and co-extensive with the claims of the class they seek to represent.

65. Plaintiffs will fairly and adequately represent and protect the interests of the NYLL Class they seek to represent because Plaintiffs' interests do not conflict with the interests of the NYLL Class they seek to represent.

66. Plaintiffs have retained Counsel competent and experienced in complex class action litigation on behalf of employees and intend to prosecute this action vigorously. Plaintiffs and their counsel will fairly and adequately protect the interests of the NYLL Class.

67. A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all putative class members is not practicable, and questions of law and fact common to Plaintiffs and the putative NYLL Class members predominate over any questions affecting only individual members of the class.

68. Individualized litigation increases the delay and expense to all parties and the Court.

69. By contrast, class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system.

70.   In the alternative, the class may be certified because the prosecution of separate actions by individual members of the class would create a risk of inconsistent or varying adjudication with respect to individual members of the class, and, in turn, would establish incompatible standards of conduct for Defendants.

71.   Class treatment will allow those similarly situated persons to litigate their claims in the manner most efficient and economical for the parties and the judicial system.

72.   Plaintiffs know of no difficulty that would be encountered in the management of this litigation that would preclude its maintenance as a class action.

73.   Plaintiffs will fairly and adequately represent and protect the interests of the members of the NYLL Class.

74.   Plaintiffs understand that as class representatives, they assume a fiduciary responsibility to the class to represent its interests fairly and adequately.

75.   Plaintiffs recognize that as class representatives, they must represent and consider the interest of the class just as they would represent and consider their own interests.

76.    Plaintiffs understand that in decisions regarding the conduct of the litigation and its possible settlement, they must not favor their own interest over the class.

77.    Plaintiffs recognize that any resolution of a class action must be in the best interests of the class.

78.    Plaintiffs understand that in order to provide adequate representation they must be informed of the developments of the litigation, cooperate with class counsel, and testify at deposition and/or trial.

79.    This action is properly maintained as class action under Federal Rule of Civil Procedure 23(d)(3).

## FACTS

80.    Defendant HOCHMAN  has operated a food catering business at 179-29 150th Road, Jamaica, New York for many years under the name and through the business entity, BORENSTEIN CATERERS, INC.

81.    Plaintiff EDDY O. CISNEROS has been employed as a Executive Sous Chef for the defendant BORENSTEIN from August 20, 2000 to the present time and continuing.   Plaintiff DANIEL J. GARZA was employed as a Bakery Supervisor for the defendant BORENSTEIN from May 15, 1986 to the present time and continuing.

82.    In said capacities, the plaintiffs were not subject to an exemption from the Federal and New York laws requiring employers to pay employees time and a half wages for all hours in excess of forty (40) hours per week.

83.    Throughout their employment with the defendant BORENSTEIN, plaintiffs would often work in excess of forty (40) hours per week.

84.    The defendant BORENSTEIN would generally pay plaintiffs for each pay period by check.  The total amount would not, however, include time and a half  wages for the hours they worked that exceeded forty (40) hours per week.

85.    Plaintiffs would frequently work in excess of ten (10) hours per day without receiving the premium pay required by the New York State Labor Law.

86.    Plaintiffs would frequently work on Federal and State holidays without being paid time and a half for the hours worked on those holidays.

87.    Similarly, others employed in similar capacities by the defendant BORENSTEIN have told the plaintiffs that they worked in excess of forty (40) hours per week, and in excess of ten (10) hours per day, and on

Federal and State holidays, without being paid time and a half wages for those hours.

88.   As an Executive Sous Chef, Plaintiff EDDY O. CISNEROS, and, as a Bakery Supervisor, DANIEL J., GARZA, were were not subject to an exemption from the federal and New York laws requiring employers to pay employees time and a half wages for all hours that exceeded 40 hours in a week.

89.   At all relevant times during Plaintiffs', the FLSA Collective's, and the NYLL Class', employment with Defendant, Plaintiffs, the FLSA Collective, and the NYLL Class had no managerial duties or decision-making authority, and were not authorized to spend money on the Defendants' behalf.

90.   As Executive Sous Chef and Bakery Supervisor, Plaintiffs and similarly situated individuals were paid on an hourly basis.

91.   Throughout their employment with Defendants, Plaintiffs would often work as many as 12 hours a day and 50 to 75 hours a week without receiving premium overtime pay equal to one and one-half times the regular rate of pay for all hours worked in excess of (40) in a workweek.

92.   Defendants determined the hours that plaintiffs and the Class worked and their rates of pay.

93.    Defendants were responsible for handling payroll and therefore were directly involved in setting pay rates for plaintiffs and the Class.

94.    At all relevant times, the Defendants maintained operational control of the business.

95.    At all relevant times, the Defendants controlled Plaintiffs', the FLSA Collective's, and NYLL Class's terms and conditions of employment, and determined their rate and method of compensation.

96.    At all relevant times, the Defendants assigned the Plaintiffs, the NYLL Class, and the FLSA Collective, to specific worksites, determined the number of days each week that they would work, and assigned the hours that they worked when they reported to work.

97.    At all relevant times, the Defendants were responsible for administering payroll on behalf of Defendants and was directly involved in setting the pay rates for Plaintiffs and FLSA Collective and NYLL Class.

98.    During the time that Plaintiffs worked for Defendants, the Defendants approved or disapproved Plaintiffs' requests for approved paid and unpaid leave.

99.    During the time that Plaintiffs worked for Defendants, the Defendants maintained employee records, and had the authority to hire and fire employees, including Plaintiffs and the FLSA Collective and NYLL Class.

22

100. During the Plaintiffs' employment, the Defendants did not provide Plaintiffs, the FLSA Collective, and the NYLL Class with uninterrupted meal breaks lasting thirty (30) or more minutes.

101. During the Plaintiffs' employment, the Plaintiffs and the NYLL Class were issued paystubs that did not conform to NYLL §195(3), including, but not limited to disclosing the pay period being paid in the paystub, applicable overtime premium rate of pay, and the number of hours that Plaintiffs' worked in the pay period being compensated.

102. During the Plaintiffs' employment the Plaintiffs were issued paystubs that did not conform to N.Y. Comp. Codes R. & Regs. tit. 12, Part 142, §§142-2.7, et seq., including, but not limited to disclosing the pay period being paid in the paystub, applicable overtime premium rate of pay, and the number of hours that Plaintiffs' worked in the pay period.

103. At all relevant times, Defendants willfully violated 29 U.S.C. §21 l(c) by failing to maintain accurate records of the hours that Plaintiffs and the FLSA Collective worked and the wages that they were statutorily entitled to.

104. At all relevant times, the Defendants willfully violated 29 C.F.R. §516.2 by failing to maintain accurate recordkeeping of the hours worked as it pertains to Plaintiffs and the FLSA Collective.

105.  At all relevant times, the Defendants willfully violated the NYLL §661 by failing to maintain and preserve weekly payroll records for Plaintiffs and the NYLL Class showing the number of hours worked on a daily and weekly basis.

106. At all relevant times, the Defendants willfully violated the NYLL §195(4) by failing to maintain and preserve weekly payroll records for Plaintiffs and the NYLL Class showing the number of hours worked on a daily and weekly basis.

107. At all relevant times, the Defendants willfully violated the Wage Order, N.Y. Comp. Codes R. & Regs. tit. 12, Part 142, §142-2.6, by willfully failing to maintain and preserve weekly payroll records for Plaintiffs and the NYLL Class showing the number of hours worked on a daily and weekly basis.

108. At all relevant times, the Defendants willfully violated 29 C.F.R. §5 l 6.4(a) by failing to post notices, in conspicuous places where Plaintiffs and the FLSA Collective could readily observe the posting, explaining the FLSA.

109. At all relevant times, the Defendants willfully violated the Wage Order, N.Y. Comp. Codes R. & Regs. tit. 12, Part 142, §142-2.8, by

24

failing to post a notice issued by the New York State Department of Labor summarizing minimum wage and overtime provisions.

110.   Defendants willfully failed to pay plaintiffs and other similarly situated employees overtime wages for their services and labor in violation of the FLSA and willfully failed to pay plaintiffs.

### FIRST CLAIM OF RELIEF
### FAIR LABOR STANDARDS ACT
### OVERTIME VIOLATIONS
### (BROUGHT ON BEHALF OF PLAINTIFFS
### AND FLSA COLLECTIVE CLASS)

111.   Plaintiffs, on behalf of themselves and the FLSA Collective, re-allege and incorporate by reference all allegations in all preceding paragraphs as if they were set forth again herein.

112.   The overtime wage provisions set forth in the FLSA, 29 U.S.C. §§ 201 et seq., and the Federal Wage Regulations., apply to Defendants and protect Plaintiffs and the FLSA Collective.

113.   Throughout the FLSA Collective Period, Plaintiffs and the FLSA Collective regularly worked and continue to work in excess of forty (40) hours per workweek.

114. At all relevant times, Defendants operated under a decision, policy and plan, and under common policies, programs, practices, procedures, protocols, routine and rules of willfully failing and refusing to

pay Plaintiffs and the FLSA Collective at one and one-half times their regular hourly wage for all work in excess of forty (40) hours per workweek.

115. At all relevant times, Defendants willfully, regularly and repeatedly failed to pay Plaintiffs and the FLSA Collective at the required overtime rate, one and one-half times their hourly wage for all hours worked in excess of forty (40) hours per workweek.

116. The Defendants were aware or should have been aware that the practices described in this Collective and Class Action Complaint were unlawful.

117. The Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiffs and the FLSA Collective.

118. Because the Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

119. As a result of Defendants' unlawful acts, Plaintiffs and the FLSA Collective have been deprived of minimum wage compensation in amounts to be determined at trial and are entitled to recover of such amounts, liquidated damages, prejudgment interest, attorney's fees, costs, and other compensation pursuant to 29 U.S.C. § 216(b).

## SECOND CLAIM FOR RELIEF
## NEW YORK STATE LABOR LAW
## VIOLATIONS OF OVERTIME PROVISIONS
## (BROUGHT ON BEHALF OF PLAINTIFFS AND THE NYLL CLASS)

120.   Plaintiffs, on behalf of themselves and the NYLL Class, re-allege and incorporate by reference all allegations in all preceding paragraphs as if they were set forth again herein.

121.   The overtime wage provisions of Article 19 of the NYLL and the Wage Order apply to the Defendants, and protect Plaintiffs and the members of the NYLL Class.

122.   During the NYLL Class Period, the Defendants operated under a decision, policy and plan, and under common policies, programs, practices, procedures, protocols, routines and rules of willfully failing and refusing to pay Plaintiffs and the NYLL Class at one and one-half times their hourly wage for all work in excess of forty (40) hours per workweek.

123.   At all relevant times, the Defendants willfully, regularly and repeatedly failed to pay Plaintiffs and the NYLL Class at the required overtime rate, one and one-half times their hourly wage for all hours worked in excess of forty (40) hours per workweek.

124.   Through their knowledge or intentional failure to pay Plaintiffs and the members of the NYLL Class overtime wages for hours worked in excess of forty (40) hours per week, Defendants have willfully

27

violated the NYLL Article 19 §§ 650 et seq., and Wage Order, N.Y. Comp. Codes R. & Regs. tit. 12, Part 142, §142-2.2.

125.  Due to the Defendants' violations of the NYLL, Plaintiffs and the members of the NYLL Class are entitled to recover from Defendants their unpaid overtime wages, liquidated damages as provided for by NYLL Article 6, §198, reasonable attorneys' fees, costs, and prejudgment interest.

### THIRD CLAIM FOR RELIEF
### NEW YORK STATE LABOR LAW
### WAGE STATEMENT PROVISION
### (BROUGHT ON BEHALF OF PLAINTIFFS AND THE NYLL CLASS)

126.  Plaintiffs, on behalf of themselves and the NYLL Class, re-allege and incorporate by reference all allegations in all preceding paragraphs as if they were set forth again herein.

127.  The Payment of Wages provisions of Article 6 of the NYLL and the supporting Wage Order apply to the Defendants and protect Plaintiff and the NYLL Class.

128.  During the NYLL Class Period, the Defendants failed to provide Plaintiffs and the members of the NYLL Class with a written statement concurrent with payment of wages which lists, inter alia, the number of regular, overtime hours worked and the overtime rate of pay , to which they are entitled under the NYLL §195(3) and Wage Order.

129.   Through their knowledge or intentional failure to provide Plaintiffs and the members of the NYLL Class with wage statements, the Defendants have willfully violated the NYLL Article 6 §§ 195 et seq.

130.   Due to the Defendants' violations of the NYLL § 195(3), Plaintiffs and the members of the NYLL Class are each entitled to recover from Defendants $5,000.00 in damages, as provided for by NYLL Article 6, §198, reasonable attorneys' fees and costs.

### FOURTH CLAIM FOR RELIEF
### NEW YORK STATE LABOR LAW
### NOTICE AND RECORDKEEPING REQUIREMENT
### (BROUGHT ON BEHALF OF PLAINTIFFS AND THE NYLL CLASS)

131.   Plaintiffs, on behalf of themselves and the NYLL Class, re-allege and incorporate by reference all allegations in all preceding paragraphs as if they were set forth again herein.

132.   The Payment of Wages provisions of Article 6 of the NYLL and the supporting Wage Order apply to Defendants and protect Plaintiff and the NYLL Class.

133. During the NYLL Class Period, Defendants failed to provide Plaintiffs and the members of the NYLL Class with a written notice, in English and in Spanish, Plaintiffs' primary language, at the time that they were hired and when their hourly rate of pay changed,

29

containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §§195(1) and (2).

134.   Through their knowledge or intentional failure to provide Plaintiffs and the members of the NYLL Class with notice statements, Defendants have willfully violated the NYLL Article 6 §§195(1) and (2).

135.   Due to the Defendants' violations of the NYLL §§195(1) and (2), Plaintiffs and the members of the NYLL Class are each entitled to recover from Defendants $5,000.00 in damages, as provided for by NYLL Article 6, §198, reasonable attorneys' fees and costs.

**FIFTH CLAIM FOR RELIEF**
**NEW YORK STATE LABOR LAW**
**UNTIMELY PAYMENT OF WAGES**
**(BROUGHT ON BEHALF OF PLAINTIFFS AND THE NYLL CLASS)**

30

136.   Plaintiffs, on behalf of themselves and the NYLL Class, re-allege and incorporate by reference all allegations in all preceding paragraphs as if they were set forth again herein.

137.   The Payment of Wages provisions of Article 6 of the NYLL and the supporting Wage Order apply to Defendants and protect Plaintiff and the NYLL Class.

138. NYLL §191(1)(d) provides that employers shall pay wages:

> shall be paid the wages earned in accordance with the agreed terms of employment, but not less frequently than semi-monthly, on regular pay days designated in advance by the employer.

139.   During the NYLL Class Period, Defendants did not pay Plaintiffs and the NYLL Class their wages earned in accordance with their agreed tern1s of employment, and did not pay Plaintiffs and the NYLL wages earned for all hours worked.

140.   Defendants willfully failed to pay Plaintiffs their wages on a timely basis, in violation of the NYLL and the Wage Order.

141.   The foregoing conduct of Defendants constitutes willful violations of the NYLL.

142.   Defendants' NYLL violations have caused the Plaintiffs irreparable harm for which there is no adequate remedy at law.

31

143. Due to Defendants' NYLL and the Wage Order violations, the Plaintiffs are entitled to recover from the Defendants liquidated damages, prejudgment interest, reasonable attorneys' fees and costs and disbursements pursuant to NYLL Article 6, §198, reasonable attorneys' fees and costs.

## **PRAYER FOR RELIEF**

WHEREFORE Plaintiffs, on behalf of themselves, the FLSA Collective and the NYLL Class, respectfully request that this Court:

a. Declare this action to be maintainable as a collective action pursuant to 29 U.S.C. § 216, and direct Defendants to provide Plaintiffs with a list of all members of the FLSA Collective, including all last known addresses, telephone numbers, and e-mail addresses of each such person, so Plaintiffs can give such persons notice of this action and an opportunity to make an informed decision about whether to participate in it;

b. Designate Plaintiffs as representative to the FLSA Collective and attorneys of record as counsel for the FLSA Collective;

c. Certify this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

d. Designate Plaintiffs as representative to Rule 23 Class and attorneys of record as Class Counsel;

e. Declare the practices complained of herein as unlawful under applicable federal and state law;

f. Declare that Defendants violated the FLSA and NYLL by failing to pay Plaintiffs' and the NYLL Class premium overtime wages for all hours worked in excess of forty (40) each workweek;

g. Declare that Defendants violated NYLL § 191, with respect to Plaintiff and the NYLL Class, by failing to pay their wages in a weekly basis;

h. Declare that Defendants violated NYLL §§ 195(1) and (2) by failing to provide the required written notices concerning the terms and conditions of wages earned;

i. Declare that Defendants violated NYLL § 195(3) by failing to provide accurate wage statements with each payment of wages;

j. Award of unpaid wages and overtime pay, an additional and equal amount as liquidated damages pursuant to the FLSA

33

and the supporting United States Department of Labor regulations;

k.  Award of unpaid wages and overtime pay, an additional and equal amount as liquidated damages pursuant to the NYLL and the Wage Order;

l.  Award of statutory penalties equal to two hundred and fifty dollars for each workday that Defendants failed to provide Plaintiffs and the NYLL Class with accurate wage statements, or a total of five thousand dollars each, as provided by NYLL, Article 6 § 198;

m.  Award of statutory penalties equal to fifty dollars for each workday that Defendants failed to provide Plaintiffs and the NYLL Class with proper wage notices, or a total of five thousand dollars each, as provided by NYLL, Article 6 §198;

n.  Award of Prejudgment and post-judgment interest;

o.  Issue an injunction requiring the Defendants to pay all statutorily required wages and cease the unlawful activity described herein pursuant to NYLL;

p.  Order that if any amounts remain unpaid upon the expiration of ninety days following issuance of

34

judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4);

q. Award reasonable attorneys' fees and costs of the action; and,

r. Award and/or Order such other relief that this Court shall deem just and proper.

Dated:     Mineola, N.Y.
              February 13, 2023

Respectfully submitted,

VICTOR A. CARR & ASSOCIATES
Attorneys for Plaintiff

By: _____
      Victor A. Carr, Esq. (VC 7542)

88 Second Street
Mineola, N.Y. 11501

Telephone: (516) 747-2478
Facsimile:  (516) 747-2574
E-mail:      victor@victorcarrlaw.com

35

## VERIFICATION

STATE OF NEW YORK  )
                     )    ss.:
COUNTY OF NASSAU  )

        EDDY O. CISNEROS, being duly sworn, deposes and says that he is the plaintiff in the within action; that he has read the foregoing VERIFIED COMPLAINT and knows the contents thereof; that the same is true to his own knowledge, except as to the matters therein stated to be alleged on information and belief, and that as to those matters he believes it to be true.

*Eddy o Cisneros*

**EDDY O. CISNEROS**

Sworn to before me this
22ND day of FEBRUARY , 2023

Notary Public

VICTOR A. CARR
NOTARY PUBLIC, State of New York
No. 4595293
Qualified in Nassau County
Commission Expires April 27, 20 23

STATE OF NEW YORK  )
                   )    ss.:
COUNTY OF NASSAU   )

DANIEL J. GARZA, being duly sworn, deposes and says that

he is the plaintiff in the within action; that he has read the foregoing VERIFIED

COMPLAINT and knows the contents thereof; that the same is true to his own

knowledge, except as to the matters therein stated to be alleged on information

and belief, and that as to those matters he believes it to be true.

DANIEL J GARZA

DANIEL J. GARZA

Sworn to before me this
22ND day of FEBRUARY , 2023

Notary Public

VICTOR A. CARR
NOTARY PUBLIC, State of New York
No. 4895293
Qualified in Nassau County
Commission Expires April 27, 2023

*Civ. Action No.*

UNITED STATES DISTRICT COURT
FOR THE EASTER DISTRICT OF NEW YORK

═══════════════════════════════════════════════════════════════

EDDY O. CISNEROS and DANIEL J. GARZA,
on behalf of themselves and other similarly situated individuals,

*Plaintiff,*

*- against -*

BORENSTEIN CATERERS, INC. and GILAD HOCHMAN,

*Defendants.*

═══════════════════════════════════════════════════════════════

## VERIFIED COLLECTIVE AND CLASS ACTION COMPLAINT
## AND DEMAND FOR JURY

═══════════════════════════════════════════════════════════════

## VICTOR A. CARR & ASSOCIATES

*Attorneys for Plaintiff*

88 Second Street
Mineola, New York 11501
(516) 747-2478
FAX (516) 747-2574
victor@victorcarrlaw.com

═══════════════════════════════════════════════════════════════



...............................................

By:  Victor A Carr, Esq.
VICTOR A. CARR & ASSOCIATES
*Attorneys for Plaintiff*
88 Second Street
Mineola, New York 11501
(516) 747-2478

═══════════════════════════════════════════════════════════════